REITLER KAILAS & ROSENBLATT LLC
Robert William Clarida
885 Third Avenue
20th Floor
New York, NY 10022
Phone: (212) 209-3044
Fax: (212) 371-5500
Email: rclarida@reitlerlaw.com
*Attorney for Plaintiff Creazioni Artistiche Musicali, S.r.l.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CREAZIONI ARTISTICHE MUSICALI, S.r.l.

                Plaintiff,

    -against-                        **FIRST AMENDED COMPLAINT**

                                                      14 CV 9270

CARLIN AMERICA, INC., EDWARD B. MARKS
MUSIC CO., and JOHN DOES 1-10,          **JURY TRIAL DEMANDED**

                Defendants.
-----------------------------------------------------------------x

        Plaintiff Creazioni Artistiche Musicali, S.r.l. ("CAM"), by its attorneys, Reitler Kailas & Rosenblatt LLC, avers as follows:

### NATURE OF ACTION

        1.    Plaintiff CAM is an Italian corporation that owns a number of musical copyrights, including many compositions created for the soundtracks of Italian films.

        2.    Plaintiff seeks damages for copyright infringement of two original musical compositions, entitled respectively "M33" (hereafter the "Instrumental") and "M33

165798

with vocals" (Italian title "M33 con solista maschile"), registered in the U.S. Copyright Office as registration number PAu3-700-309 (hereafter the "Vocal Version").

3. Defendants Carlin America, Inc., Edward B., Marks Music Co., and John Does 1-10 (referred to collectively hereafter as "Defendants"), without any authority from the Plaintiff, have within the three years preceding the commencement of this action prepared, reproduced, publicly distributed and publicly performed derivative works of the Instrumental and the Vocal Version, or authorized others to do so, in violation of the United States Copyright Act, 17 U.S.C. § 101 et seq. (the "Copyright Act").

4. Plaintiff seeks legal relief to remedy Defendants' willful infringement of the Plaintiff's copyrights. Plaintiff requests an order: (1) holding that Defendants' unauthorized preparation, reproduction, public distribution, and public performance of derivative works of the Instrumental and the Vocal Version, and/or authorization of others to engage in such acts, infringes Plaintiff's copyrights in violation of the Copyright Act; and (2) awarding actual damages and profits to Plaintiff, to the extent permitted under the Copyright Act.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action under the copyright laws of the United States, 17 U.S.C. § 101 et seq. and 28 U.S.C. §§ 1331 and 1338.

6. Upon information and belief, this Court has personal jurisdiction over the Defendants because the Defendants have prepared, reproduced, publicly distributed and publicly performed derivative works of the Instrumental and the Vocal Version, or

authorized others to do so, in New York and this District, and are otherwise doing business in this State and in this jurisdiction.

7. Venue is proper in this District under 28 U.S.C. § 1391(b), 28 U.S.C. § 1391(c) and 28 U.S.C. § 1400(a).

## PARTIES

8. Plaintiff CAM is an Italian corporation having a principal place of business at Galleria del Corso 4, 20122 Milano, Italy

9. Upon information and belief, Defendant Carlin America Inc. ("Carlin") is a New York corporation having a principal place of business at 126 East 38th Street, New York, NY 10016.

10. Upon information and belief, Defendant Edward B. Marks Music Co. ("Marks") is a partnership organized under the laws of the state of New York having a principal place of business at 126 East 38th Street, New York, New York 10016.

11. Upon information and belief, Defendant Marks is a subsidiary of Defendant Carlin.

12. Upon information and belief, Defendants John Does 1-10 are individuals and/or corporate entities whose identity is presently unknown, residing or doing business in this judicial District, but whose identity will become known through discovery in this action.

13. Upon information and belief, John Does 1-10 have prepared, reproduced, publicly distributed and publicly performed derivative works of the Instrumental

and the Vocal Version under the ostensible authority of licenses issued by Defendants Carlin or Marks, which authority Carlin and Marks did not ever and do not now possess.

### A. Ownership and Nationality of the Instrumental

14. Plaintiff is the copyright owner of the Instrumental, having acquired the copyright by written agreement with the composer, Piero Umiliani ("Umiliani"), dated October 4, 1966. A copy of that agreement has been recorded with the U.S. Copyright Office as V3620 D649, page 55, and is attached hereto as Exhibit 1.

15. The Instrumental was written as part of the soundtrack for a 1966 Italian action film entitled "Duello nel Mondo" (hereafter the "Film").

16. The October 4, 1966 agreement concerning CAM's ownership of the Instrumental was registered with SIAE, the Italian music-rights society, December 31, 1966.

17. The original 1966 open-reel tape recordings from the soundtrack recording session of the Film, including the Instrumental, are in Plaintiff's possession, and copies will be made available to the Court upon request in such audio format as the Court may direct.

18. The Instrumental is an original work of authorship.

19. The Instrumental has been fixed in a tangible medium of expression.

20. The Instrumental contains substantial amounts of material created by the author's own skill, judgment and creativity.

21. The Instrumental is copyrightable under the laws of the United States.

22. The Instrumental was not first published in the United States.

23. The Instrumental was not first published simultaneously in the United States and another treaty party or treaty parties, as those terms are defined in the U.S. Copyright Act.

24. None of the authors of the Instrumental are nationals, domiciliaries or habitual residents of the United States, or legal entities with headquarters in the United States.

25. The Instrumental is therefore not a "United States work" as that term is defined in the U.S. Copyright Act.

26. Because the Instrumental is not a "United States work" under the U.S. Copyright Act, U.S. registration of copyright in the Instrumental is not a prerequisite to the commencement of this action alleging, *inter alia,* infringement of the Instrumental.

### B. Ownership and Registration of the Vocal Version

27. Plaintiff is the copyright owner of the Vocal Version, having acquired the copyright by written agreement with the composer, Umiliani, attached hereto as Exhibit 1.

28. The Vocal Version was written as part of the soundtrack for the Film.

29. The Vocal Version is substantially similar to, and is a derivative work of, the Instrumental.

30. The Vocal Version differs from the Instrumental chiefly by virtue of its addition of a male vocal soloist singing a lyric of nonsense syllables over the existing melody, harmony, rhythm, and structure of the Instrumental, as indicated by the original Italian titles of the respective works, "M33" and "M33 con solista mascile."

31. The October 4, 1966 agreement concerning CAM's ownership of the Vocal Version was registered with SIAE, the Italian music-rights society, December 31, 1966.

32. The original 1966 open-reel tape recordings from the soundtrack recording session of the Film, including the Vocal Version, are in Plaintiff's possession, and copies will be made available to the Court upon request in such audio format as the Court may direct.

33. The Vocal Version is an original work of authorship, notwithstanding its incorporation of substantial material from the Instrumental.

34. The Vocal Version has been fixed in a tangible medium of expression.

35. The Vocal Version contains substantial amounts of material created by the composer's own skill, judgment and creativity, notwithstanding its incorporation of substantial material from the Instrumental.

36. The Vocal Version is copyrightable under the laws of the United States.

C. **Access and Substantial Similarity**

37. Upon information and belief, in June 1968, after having written the Instrumental and the Vocal Version in 1966, Umiliani wrote music for a Swedish film, "Svezia Inferno e Paradiso" ("Sweden, Heaven and Hell").

38. This film score, registered in the U.S. Copyright Office May 1, 1969 by Defendant Marks (Reg. No. Eu 113247), contained the composition that is now listed on Defendant Carlin's website under the title "Mah Na Mah Na."

39. Umiliani, having previously composed the Instrumental and the Vocal Version, had access to those works prior to composing "Mah Na Mah Na."

40. The 1968 Umiliani composition "Mah Na Mah Na" is identical, virtually note-for-note, to the 1966 Vocal Version, with respect to its melody, harmony, rhythm, structure, and lyrics.

41. The aggregate of similarities between the Vocal Version and "Mah Na Mah Na" is striking, and "Mah Na Mah Na" could not have been created without having heavily copied from and having been based on the Vocal Version.

42. The 1968 Umiliani composition "Mah Na Mah Na" is substantially similar to the 1966 Instrumental with respect to its melody, harmony, rhythm, and structure.

43. The aggregate of similarities between the Instrumental and "Mah Na Mah Na" is striking, and "Mah Na Mah Na" could not have been created without having heavily copied from and having been based on the Instrumental.

44. An audio recording containing the 1966 Italian recordings of the Instrumental and the Vocal Version, and Defendant's "Mah Na Mah Na," will be made available to the Court upon request in such audio format as the Court may direct.

45. Under the title "Mah Na Mah Na," the Defendants' unauthorized derivative work has become extremely successful in recordings and film soundtracks by the Muppets, among many others.

46. After becoming aware of Defendants' unauthorized use of the Instrumental and the Vocal Version, CAM contacted Defendant Carlin and advised it of the unauthorized use.

47. Plaintiff's efforts to resolve the matter short of litigation have been unsuccessful.

48. Plaintiff has suffered, and continues to suffer, from the infringing activities of Defendants, including without limitation from the Defendants' failure to pay a license fee commensurate with the value of their use of the Instrumental and the Vocal Version as embodied in the infringing "Mah Na Mah Na" derivative work.

## COUNT I
## COPYRIGHT INFRINGEMENT OF THE INSTRUMENTAL

49. Plaintiff repeats and reavers the allegations contained in paragraphs 1 through 48 as if set forth fully herein.

50. Defendants' unauthorized preparation, reproduction, public distribution, and public performance of derivative works of the Instrumental, and/or authorization of others to engage in such acts, are infringements of Plaintiff's copyright in violation of the Copyright Act, 17 U.S.C. § 106.

51. As a direct and proximate result of the foregoing acts of the Defendants, the Plaintiff has been damaged in an amount to be proved at trial.

## COUNT II
## COPYRIGHT INFRINGEMENT OF THE VOCAL VERSION

52. Plaintiff repeats and reavers the allegations contained in paragraphs 1 through 51 as if set forth fully herein.

53. Defendants' unauthorized preparation, reproduction, public distribution, and public performance of derivative works of the Vocal Version, and/or

authorization of others to engage in such acts, are infringements of Plaintiff's copyright in violation of the Copyright Act, 17 U.S.C. § 106.

54. As a direct and proximate result of the foregoing acts of the Defendants, the Plaintiff has been damaged in an amount to be proved at trial.

WHEREFORE, the Plaintiff requests the following relief:

A. Actual damages and profits under 17 U.S.C. § 504 in an amount to be proved at trial;

B. A permanent injunction requiring the Defendants to cease and desist from reproducing, distributing, or publicly performing the Instrumental, the Vocal Version or any derivative work thereof, or authorizing and third parties to do so, without authorization from the Plaintiff;

C. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 11, 2015

>                               REITLER KAILAS &
>                               ROSENBLATT, LLC
>                               Attorneys for Plaintiff
>
>                               By: _____
>                                   Robert W. Clarida
>                                   885 Third Avenue, 20th Floor
>                                   New York, NY 10022
>                                   Tel. (212) 209-3044

EXHIBIT 1



CREAZIONI ARTISTICHE MUSICALI

ROMA, 4.Ottobre.66

VIA VIRGILIO N. 8 - TELEFONO N 314342
CABLES: "CAMUSIC" - ROMA

Egr. Sig.
M° PIERO UMILIANI
Via Romeo Romei, 13
R O M A

A conclusione delle nostre intese e con riferimento agli accordi con la Casa di produzione ZENITH CIN.CA s.r.l. per il film provvisoriamente intitolato " DUELLO NEL MONDO " Le confermiamo quanto segue.

1°) Lei comporrà e realizzerà il commento musicale del film sopra indicato.
Salvi gli eventuali inserimenti di musiche di terzi che dovranno da noi essere sempre autorizzati, previ accordi con il produttore ed il regista, tutto il commento musicale dovrà essere composto di musiche assolutamente originali e di Sua creazione.

2°) Tutti i diritti di utilizzazione sulle musiche da Lei composte, sin dal momento della loro creazione, saranno a noi trasferiti, per tutto il mondo, con facoltà di cederli totalmente o parzialmente a terzi, alla condizione che i Suoi diritti non subiscano lesioni o limitazioni.
Lei ci riconosce altresì il diritto di estrarre dalla colonna sonora una o più parti musicali, di disporre gli eventuali adattamenti o arrangiamenti che riterremo necessari per la migliore utilizzazione commerciale e di aggiungere testi letterari alle singole musiche con piena libertà di scelta sia per quanto riguarda l'autore che le parole, purchè siano salvi i Suoi diritti morali.

3°) Il mandato relativo alla tutela giuridica ed economica di tutte le musiche sarà affidato alla S.I.A.E. (alla quale Lei ci conferma di essere iscritto) per l'Italia e per i Paesi in cui detta società ha o avrà una rappresentanza autorizzata.
La tutela dei diritti fonomeccanici sarà affidata alla S.E.D.R.I.M. fino a che noi aderiremo a tale società. Lei, quindi, sarà tenuto a firmare, a nostra richiesta, i bollettini e la documentazione che sarà necessaria.

4°) Quale compositore delle musiche che costituiscono il commento del film, Lei oltre alla somma di L. ===== che Le sarà corrisposta con le modalità previste al successivo art. 5 avrà diritto a percepire una quota pari a 10/24 sui proventi S.I.A.E. e una quota pari a 40% sui proventi S.E.D.R.I.M. (BIEM).
Nel caso che a brani tratti dalla colonna musicale siano aggiunti testi lirici, i proventi di Sua spettanza saranno suddivisi con l'autore delle parole, secondo i sistemi che applicheranno la S.I.A.E. e la S.E.D.R.I.M., salvo diversi eventuali accordi.

5°) Per l'opera che Lei presterà per la direzione dell'orchestra, per la realizzazione della colonna musicale (per la quale concorderemo il numero degli elementi orchestrali e dei turni) e per la collaborazione che Lei darà nella scelta delle musiche da riprodurre su dischi o apparecchi analoghi e a compenso dei diritti che ci sono riconosciuti di diffondere e riprodurre in ogni forma e modo delle musiche, noi Le corrisponderemo la somma di L. ===== . La intera sua spettanza di L. 450.000 Le verrà versata con le seguenti modalità:
— alla firma del presente accordo L. =====
— alla ultimazione della colonna musicale L. =====
— al compimento della scelta e della coordinazione delle musiche per la riproduzione discografica e alla consegna dei bollettini di dichiarazione, del programma musicale e delle partiture musicali, L.450.000 (quattrocentocinquantamila).

6°) Sarà fatto da parte nostra quanto è possibile per ottenere la tutela dei nostri comuni diritti e interessi anche nei Paesi nei quali la S.I.A.E. o la S.E.D.R.I.M. non abbiano rappresentanza, senza per altro assumere responsabilità circa il buon esito.

7°) Le spese di registrazione del presente contratto saranno a carico della parte che, per la sua inadempienza, ne avrà reso necessario l'uso in giudizio.

8°) Per ogni controversia che dovesse sorgere è competente il Foro di Roma.

9°) Il presente accordo sarà impegnativo tanto per Lei che per noi quando ci sarà stata riconsegnata la copia da Lei sottoscritta. Distinti saluti.

Il Maestro Compositore

C.A.M. S.p.A.
Il Consigliere Delegato

CAM CF/1